# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STEFANNIE DYSON, *et al.*,

    *Plaintiffs*,

v.

PAM BONDI, *et al.*,

    *Defendants*.

Civil Action No. 25 - 4417 (UNA)

## MEMORANDUM OPINION

This matter is before the court on consideration of Plaintiffs' application to proceed *in forma pauperis*, ECF No. 2, and pro se complaint, ECF No. 1. The court will grant the application to proceed *in forma pauperis* and dismiss the case without prejudice for lack of subject matter jurisdiction.

Plaintiff Stefannie Dyson is the subject of an order barring her from filing in the Northern District of Illinois. *See* ECF No. 1, at 3, 6; [1] *see also* Executive Committee Order, *In re Dyson*, No. 24-CV-11636 (N.D. Ill. Nov. 14, 2024). She has also filed another lawsuit in this district that the court has already dismissed. ECF No. 4, *Dyson v. Kendall et al.*, No. 25-CV-2299 (D.D.C. Aug. 31, 2025). Ms. Dyson alleges that, having been barred from proceeding in the Northern District of Illinois, she filed a case in the District of Minnesota and paid the filing fee in full, only to have the case be transferred to the Northern District of Illinois and then dismissed.

---

[1] When citing ECF No. 1, the court uses the page numbers generated by CM/ECF, rather than any internal pagination.

ECF No. 1, at 3.[2]  Ms. Dyson also expresses dissatisfaction with another case she filed in the District of Minnesota in June 2025.  *See id*. at 4.[3]

Plaintiff Mark Jones complains that a case he filed in the District of Minnesota was dismissed with prejudice under 28 U.S.C. § 1915(e) even though he is not a prisoner, and that the judge in that case "falsely stated that subject-matter jurisdiction had been resolved in open court—contrary to the record."  *Id*. at 4 (emphases removed).[4]

Plaintiffs allege that, due to the above-described actions, they "are now blackballed from filing any claims in Illinois or Minnesota," *id*. at 5, and are without access to the courts.  They ask this court to "[d]eclare unconstitutional" and "[v]acate" "all restricted-filer orders," reinstate one of their cases, order "immediate" review of their claims, and grant them CM/ECF access, among other relief.

"A federal district court lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citation omitted); *see Nie v. Smith*, No. 22-CV-5326, 2023 WL 7537732, at *1 (D.C. Cir. Nov. 14, 2023) (per curiam) ("The district court correctly concluded that it lacks jurisdiction to review the decisions of other federal courts."); *Prentice v. U.S. Dist. Court for E. Dist. of Mi., S. Div.*, 307 F. App'x 460, 460 (D.C. Cir. 2008) (per curiam) ("Because one district court has no jurisdiction to review the decision of another

---

[2] *See* ECF No. 14, at 1, *Dyson v. Ill. Dep't of Children Family Servs.*, No. 25-CV-141 (D. Minn. Mar. 3, 2025) (dismissing certain claims as frivolous and transferring the remaining claims to the Northern District of Illinois under 28 U.S.C. § 1404(a)); ECF No. 26, *Dyson v. Illinois Dep't of Children Family Servs.*, No. 25-CV-2477 (N.D. Ill. June 11, 2025) (applying the barring order).

[3] *See* ECF Nos. 23, 24, *Dyson v. Bartolomei*, No. 25-CV-2296 (D. Minn. Sep. 26, 2025) (dismissing case), *appeal docketed*, No. 25-3299 (8th Cir. Nov. 19, 2025).

[4] *See* ECF No. 4, *Jones v. Hennepin County Fourth Judicial District Court*, No. 25-cv-0125 (D. Minn. Mar. 20, 2025), *appeal dismissed*, No. 25-2677 (8th Cir. Oct. 22, 2025).

district court, the U.S. District Court for the District of Columbia properly determined it lacked jurisdiction to review action taken by the U.S. District Court for the Eastern District of Michigan (Southern Division)."); *Jones v. U.S. Sup. Ct.*, No. 10-CV-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) ("This court is not a reviewing court and cannot compel Supreme Court justices or other Article III judges in this or other districts or circuits to act."), *aff'd sub nom. Jones v. Sup. Ct. of U.S.*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam), *aff'd*, 563 U.S. 914 (2011). Here, Plaintiffs ask this court to review the decisions of courts in the Northern District of Illinois and the District of Minnesota. The court lacks jurisdiction over such requests and will accordingly dismiss this case for lack of subject matter jurisdiction. A separate order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:  February 9, 2026